UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| IN RE: JOHN SMITH, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | Civil Action No. 23-mc-00136 (UNA) |
| | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of petitioner's *pro se* "miscellaneous request for judgment" ("RFJ"), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants *in forma pauperis* application and, for the reasons discussed below, it dismisses this matter without prejudice.

At the outset, the court notes that petitioner, who is currently unhoused, has neither provided any address of record, nor a telephone number, in contravention of D.C. LCvR 5.1(c)(1). *See generally* RFJ; Notice, ECF No. 4. While the court is certainly understanding of petitioner's circumstances, without any mailing information—e.g., a P.O. Box or general delivery address—it makes it difficult, if not impossible, for the court to formally and reliably communicate with petitioner regarding this case, particularly given his *pro se* status.

Petitioner faces yet additional hurdles here that he cannot overcome. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the

court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Here, petitioner has neither stated a federal question nor established diversity jurisdiction. He contends that, on December 12, 2023, he changed his name "under Common Law for religious purpose."  RFJ ¶ 1.  He is now "seeking a judgment by this court to validate [his] name change [as] true[,] correct[,] and valid." *Id*. ¶ 2.  But "[n]o authority vests with the federal courts to grant a name change."  *United States v. Soltero*, 510 F.3d 858, 865 (9th Cir. 2007), *aff'd*, 555 U.S. 829 (2008).  "If [petitioner] wishes to legally change his name . . . he must follow the procedures allowed under [the applicable] state law."  *Id.*

Consequently, this matter is dismissed without prejudice for want of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3). Petitioner's motion to expedite court proceedings, ECF No. 5, is denied as moot.  An order consistent with this memorandum opinion is issued separately.

Date:  February 5, 2024                    _____/s/_____
                                            RUDOLPH CONTRERAS
                                            United States District Judge